**LAW OFFICES OF TAMIKA WASHINGTON, P.C.**
BY:  Tamika Washington, Esquire
Attorney I.D. No. 93553
100 S. Broad Street, Suite 1523
Philadelphia, PA 19110
Telephone: (215) 665-9250                         Attorney for Plaintiff

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PABLO BATISTA** | : | CIVIL ACTION |
| | : | |
| | : | |
| | : | |
| **Plaintiff** | : | |
| v. | : | No. |
| | : | |
| **O'JAYS GIGS, INC.** | : | |
| **F/S/O  THE O'JAYS,** | : | **JURY TRIAL DEMANDED** |
| | : | |
| | : | |
| **DENNIS "DOC" WILLIAMS** | : | |
| | : | |
| **Defendants** | : | |

**CIVIL ACTION COMPLAINT**

**INTRODUCTION**

1.  This action for equitable, monetary and other relief is brought by Plaintiff,
    PABLO BATISTA, hereinafter ("Plaintiff") to redress intentional violations by
    Defendant, O'JAYS GIGS F/S/O THE O'JAYS,  and DENNIS "DOC"
    WILLIAMS of rights secured by the laws of the United States and the statutory
    law of the Commonwealth of Pennsylvania and State of New York.

## JURISDICTION AND VENUE

2.  This action is brought pursuant to the Americans with Disabilities Act ("ADA"- 42 U.S.C. §§12101 *et. Seq*.), the Pennsylvania Human Relations Act, and the New York State Human Rights Law, and Pennsylvania contract law.

3.  This Court has jurisdiction over this action pursuant to 28 U.S.C. §§ 1331, 1343 and 1367.

4.  Plaintiff properly exhausted his administrative remedies.  Plaintiff dual-filed a Charge of Discrimination with the Equal Employment Opportunity Commission (EEOC), the Pennsylvania Human Relations Commission, and also the New York State Division of Human Rights (NYDHR).  The right to sue letter for EEOC Charge No. 530-2016-00244, was dated November 14, 2017.

5.  This suit is timely filed.

6.  Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b)(2),  as all of the acts and/or omissions giving rise to the claims set forth herein occurred in this judicial district, rendering Defendants citizens of the Eastern District of Pennsylvania.

**PARTIES**

7.  Plaintiff is an adult individual who is a resident of the State of Pennsylvania, County of Montgomery.

8.  Defendant, O'JAYS GIGS, INC. F/S/O THE O'JAYS, hereinafter The O'Jays, is incorporated in Ohio, conducting business worldwide on behalf of The O'Jays, and is an employer within the meaning of the applicable legislation cited herein.

9.  At all times relevant, Defendant DENNIS "DOC" WILLIAMS is a resident of the State of New York, is the musical director for The O'Jays, and acted on behalf of The O'Jays in the adverse employment actions named herein.

10. At all times material hereto, Defendant The O'Jays acted by and through its authorized agents, servants, workers and/or employees, each of whom acted at all times relevant herein in the course and scope of their employment with Defendant, and in furtherance of Defendant's business.

**FACTUAL BACKGROUND**

11. Plaintiff incorporates the foregoing paragraphs as though each were fully set forth herein.

12. Plaintiff is an internationally renowned, award-winning, professional percussionist and has worked as a touring musician for over thirty-two years.

13. Plaintiff worked thirteen (13) years for world-renowned singer Alicia Keys, and a number of years for Grover Washington, until his death.

14. Plaintiff plays approximately sixty (60) instruments, and often, during a performance, will play multiple instruments at a time.

15. Plaintiff was hired on or about July 15, 2015 by The O'Jays as a percussionist for a multi-country tour from August 3, 2015 to on or about February 12, 2016.

16. On or about July 15, 2015, Plaintiff received the touring schedule and itinerary from Defendant Dennis Williams, hereinafter Williams.  A true and correct copy of the tour schedule is attached as Exhibit 1.

17. Plaintiff is legally blind.

18. The tour was scheduled to commence in Saratoga, California throughout the United States, ending in a cruise to international ports.

19. On or about August 1, 2015, two days before Plaintiff's scheduled flight, Plaintiff received a short message service ("text") from Williams, stating, "The Ojays don't want to take on a situation that includes disabilities especially when the schedule gets hectic."  A true and correct copy of the text is attached as Exhibit 2.

20. Plaintiff contacted Williams immediately and asked for the reasoning behind the text.

21. Williams explained that two of the bandmembers of the O'Jays, Darren M. Daughtry and Freddie D. Holliday, did not want to "babysit" Plaintiff throughout the tour.

22. Plaintiff has previously been employed by Defendant O'Jays.

23. The O'Jays and Williams were aware of Plaintiff's disability.

24. Plaintiff's disability has not interfered with Plaintiff's performance in the past thirty-two years.

25. Plaintiff has been around the world multiple times.

26. Plaintiff has traveled alone in the past.

27. Plaintiff's disability had never previously caused an undue burden on his previous employers or colleagues.

28. Plaintiff receives accommodations from the airlines when he travels, such as priority boarding and an escort.

29. The sole accommodation Plaintiff requested of Defendants was someone to walk him from backstage to his seat on the stage.

30. Plaintiff was an employee of The O'Jays.

31. Plaintiff's flights for the tour were booked by The O'Jays.

32. Ground transportation was arranged by The O'Jays, and transport for all the bandmembers was via van transport.

33. Plaintiff's performance equipment was provided for and rented on his behalf by The O'Jays.

34. Plaintiff's clothing for the tour was directed by the O'Jays.

35. Plaintiff's schedule was controlled by the O'Jays.

36. The times and places for rehearsal, meetings, and breaks were provided with strict constraints, by The O'Jays.

37. Although Defendant Williams is not categorized as an "employee" of the O'Jays, he has been with and traveled with the group for forty years, and the musical group was his primary source of compensation.

38. Moreover, the band drummer, also not categorized as an "employee," has been with The O'Jays for fifteen (15) years.

39. In preparation for the tour in question, Plaintiff prepared for six (6) weeks, 8-10 hours daily.

40. Plaintiff studied the vast reportoire of the O'Jays musical arrangements, and matched them to the variety of Plaintiff's percussion sounds.

41. For approximately a month previous to Plaintiff's hire, Plaintiff inquired regarding the conditions of the position, including hotel accommodations throughout the tour.

42. The compensation rate was $500 per hour, much lower than Plaintiff's usual rate of $700.00 to $1000.00. The total for the tour was $18,000.00.

43. As a result, Plaintiff was hesitant about clearing his schedule for the position.

44. However, given Plaintiff's past long-term positions with previous world-renowned musical groups, and Plaintiff's past experience with the O'Jays, Plaintiff believed that this tour would likely lead to a permanent position with the O'Jays and/or Eddie Levert.

45. Furthermore, the O'Jays had just recently placed in the Rock 'n Roll Hall of Fame.

46. In the month prior to the tour, Plaintiff reminded Williams that he was visually impaired.

47. Williams stated that he recalled Plaintiff's condition, and confirmed numerous times that Plaintiff's impairment would not be a problem.

48. Williams acted as an agent of The O'Jays in terminating/refusing to hire Plaintiff.

49. As a result of Defendants' unlawful actions, opportunities for Plaintiff to work locally slowed to a halt.

50. Plaintiff was unable to secure a number of positions, as the statements made by The O'Jays' musical director and employees had circulated in the music community.

## COUNT I
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT("ADA")
### (Refusal to Accommodate)

51. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

52. Defendant The O'Jays had fifteen (15) or more employees during the time in question.

53. Plaintiff has and continues to suffer from a qualifying disability under the ADA because he is legally blind.

54. Plaintiff's disability affects the major life activity of seeing.

55. However, at all relevant times herein, Plaintiff could have performed all of his job functions with or without the accommodations he requested.

56. Plaintiff believes that a request to have an escort from backstage to onstage was a reasonable request for accommodation.

57. Defendant The O'Jays refused to accommodate Plaintiff in violation of the ADA.

58. Williams acted as an agent of The O'Jays in refusing to accommodate Plaintiff.

59. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

## <u>COUNT II</u>
## VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### ("Refusal to Hire/Unlawful termination")

60. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

61. Defendant The O'Jays had fifteen (15) or more employees during the time in question.

62. Plaintiff has and continues to suffer from a qualifying disability under the ADA because he is legally blind.

63. Plaintiff's disability affects the major life activity of seeing.

64. As set forth above, Plaintiff suffered adverse employment action from Defendant The O'Jays in that he was terminated because of his disability.

65. Defendant The O'Jays unlawfully terminated or refused to hire Plaintiff in violation of the ADA.

66. Williams acted as an agent of The O'Jays in refusing to hire, or alternatively, firing, Plaintiff.

67. Defendants' conduct was done with malice or with reckless indifference to Plaintiff's federally-protected rights.

68. As a direct and proximate result of Defendant's violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

### COUNT III
### PENNSYLVANIA HUMAN RELATIONS ACT

69. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

70. Defendant The O'Jays had four or more employees during the time in question.

71. Plaintiff is disabled according to the Pennsylvania Human Relations Act, as his blindness substantially limits his ability to see.

72. Plaintiff was regarded as blind by the Defendant.

73. However, at all relevant times herein, Plaintiff could have performed all of his job functions under the accommodations he requested.

74. Plaintiff believes that a request to have an escort from backstage to onstage was a reasonable request for accommodation.

75. Defendant The O'Jays refused to accommodate Plaintiff in violation of the PHRA.

76. Defendant The O'Jays unlawfully terminated or refused to hire Plaintiff in violation of the PHRA.

77. Williams acted as an agent of The O'Jays in refusing to accommodate Plaintiff.

78. Williams acted as an agent of The O'Jays in refusing to hire, or alternatively, firing, Plaintiff because of his disability.

79. As a direct and proximate result of Defendants' violations, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.


## COUNT IV
## NEW YORK STATE HUMAN RIGHTS LAW

80. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

81. Defendant The O'Jays had four (4) or more employees during the time in question.

82. Plaintiff is disabled according to the New York State Human Rights Law, as his blindness prevents him from exercising the normal bodily function of seeing.

83. Plaintiff was regarded as blind by Defendant The O'Jays and Williams.

84. However, at all relevant times herein, Plaintiff could have performed all of his job functions, in a reasonable manner, with or without the accommodations he requested.

85. Plaintiff believes that a request to have an escort from backstage to onstage was a reasonable request for accommodation.

86. Defendant The O'Jays refused to accommodate Plaintiff in violation of the NYSHRL.

87. Williams acted as an agent of The O'Jays in refusing to accommodate Plaintiff.

88. Defendant The O'Jays unlawfully terminated or refused to hire Plaintiff in violation of the NYSHRL.

89. Williams acted as an agent of the O'Jays in terminating or refusing to hire Plaintiff in violation of the NYSHRL.

90.  As a direct and proximate result of Defendants' violation, Plaintiff has suffered and will continue to suffer a loss of earnings, loss of earning capacity, loss of benefits, pain and suffering, emotional anguish, loss of life's pleasures, and the cost of attorney's fees and litigation costs.


**COUNT V**

**BREACH OF CONTRACT**

91. Plaintiff incorporates by reference the foregoing paragraphs as though each were fully set forth herein.

92. Defendant, THE O'JAYS, breached the contract with Plaintiff to pay him $18,000 for a multi-country and international tour from August 2015 to February, 2016.

93. This claim shares a common nucleus of operative fact with Plaintiff's claims under the ADA, as it regards the same occurrence.

94. As a result of Defendants' breach of contract, Plaintiff suffered a considerable loss, including the value of the contract, the contracts he refused as a result of acceptance of the contract in question, and the ability to secure a long-term contract with Defendant.

95. As a result of Defendants' breach of contract, Plaintiff has suffered loss of earning capacity, humiliation, emotional distress, loss of life's pleasures, and the cost of attorney's fees and litigation costs.

**WHEREFORE**, Plaintiff, PABLO BATISTA, demands judgment in his favor and against all Defendants, THE O'JAYS and DENNIS "DOC" WILLIAMS, and seeks relief as follows:

A.     Defendants are to be prohibited from maintaining its illegal policy, practice or custom of discriminating against employees and its to be ordered to promulgate an effective policy against such unlawful acts to and to adhere thereto;

B.     Defendants are to compensate Plaintiff, reimburse and make Plaintiff whole for any and all pay Plaintiff would have received had it not been for Defendants' illegal conduct, including, but not limited to, past lost earnings and future lost earnings.

Plaintiff should be made whole by receiving the benefits illegally withheld from the date he first suffered discrimination until the date of verdict;

C.    Plaintiff is to be awarded  punitive or liquidated damages, as permitted by applicable law (s) alleged asserted herein, in an amount appropriate to punish Defendants for its willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

D.    Plaintiff is to be awarded any and all other equitable and legal relief as the Court deems just, proper and appropriate including for emotional distress (as permitted under applicable law(s) asserted herein);

D.    Plaintiff is to be awarded attorney's fees, expert witness fees and other costs of the action as provided by applicable federal and state law; and

F.    The grant of such other relief as the Court deems just and appropriate.

G.    Plaintiff's claims are to receive a trial by jury to the extent allowed by applicable law.  Plaintiff has endorsed this demand on the caption of this Complaint in accordance with Federal Rule of Civil Procedure 38 (b).

Respectfully submitted,

TAMIKA N. WASHINGTON, ESQ.
LAW OFFICES OF TAMIKA WASHINGTON, P.C.
100 S. Broad Street, Suite 1523
Philadelphia, PA 19110
(215) 665-9250
(888) 811-8925 (facsimile)
twashington@twashingtonlaw.com

Dated: 2-12-2018

# EXHIBIT 1

**Jacquelyne Batista**

| | |
|---|---|
| **From:** | Jaci Batista <jpjr96@aol.com> |
| **Sent:** | Thursday, July 30, 2015 10:55 AM |
| **To:** | Jacquelyne Batista |
| **Subject:** | Fwd: O'jays Confirmed Dates As of June 29 |

Sent from my iPhone

Begin forwarded message:

> **From:** adw4528 <adw4528@aol.com>
> **Date:** July 15, 2015 at 7:50:51 PM EDT
> **To:** Pablo Batista/percussionist <jpjr96@aol.com>
> **Subject: Fwd: O'jays Confirmed Dates As of June 29**

Here's the current itinerary. Will forward the percussion rider to you tomorrow.

Happy Connecting. Sent from my Sprint Samsung Galaxy S® 5

-------- Original message --------
From: adw4528 <adw4528@aol.com>
Date: 07/15/2015 4:31 PM (GMT-05:00)
To: Dennis Williams <adw4528@aol.com>
Subject: Fwd: O'jays Confirmed Dates As of June 29

Happy Connecting. Sent from my Sprint Samsung Galaxy S® 5

-------- Original message --------
From: Ravi Dabiesingh <ravi@21stca.com>
Date: 06/29/2015 10:48 AM (GMT-05:00)
To: Joe Bailey <bodybyguard@yahoo.com>
Cc: Eddie Levert <eddielevertsr@gmail.com>, Raquel Levert <RaquelMLevert@gmail.com>,
Dennis Williams <ADW4528@aol.com>, Jovan Ristic <jovan@21stca.com>, 21stCA Assistant
<assistant@21stca.com>
Subject: O'jays Confirmed Dates As of June 29

Please see below for the confirmed dates for the O'Jays. I've also attached it for your
convenience.  As mentioned we are still awaiting contracts from CAA for the GK shows.

1

JULY

July 24th , 2015 - Cincinnati, OH                      Paul Brown Stadium

July 25th , 2015 - Newkirk, OK                         First Council Casino

July 27th , 2015 - Houston, TX                         The Toyota Center

AUGUST

August 7th, 2015 – Saratoga, CA                        Mountain Winery

August 9th, 2015 - Los Angeles, CA                     Nokia Theatre @ LA Live

August 21st , 2015 -Baltimore, MD (GK)                 Pier 6 Pavillion

August 22nd, 2015 – Vienna, VA (GK)                    Wolf Trap

August 23rd , 2015 - Durham, NC (GK)                   Durham PAC

August 25th , 2015 - Atlanta, GA (GK)                  Chastain Amphitheatre

August 27th , 2015 - Bethlehem, PA (GK)                Sands Event Center

August 28th , 2015 - Morristown, NJ (GK)               Mayo Performing Arts Center

August 29th , 2015 - Mashantucket, CT (GK)             Foxwoods Casino

SEPTEMBER

September 11th , 2015 - Highland Park, IL (GK)          Ravinia Festival

September 12th , 2015 - Toledo, OH (GK)                 Hollywood Casino

September 25th , 2015 - Indianapolis, IN               Indiana Convention Center

OCTOBER

October 15th, 2015 - Clearwater, FL                    Jazz & Heritage Festival

October 23rd , 2015 - Greensboro, NC                   Koury Convention Center

2016

JANURARY

| January 30th, 2016 - Fort Lauderdale, FL | SOUL TRAIN CRUISE |
| January 31st, 2016 - AT SEA | SOUL TRAIN CRUISE |

FEBURARY

| Feburary 1st, 2016 - George Town, Grand Cayman | SOUL TRAIN CRUISE |
| Feburary 2nd, 2016 - Ocho Rios, Jamaica | SOUL TRAIN CRUISE |
| Feburary 3rd, 2016 - AT SEA | SOUL TRAIN CRUISE |
| Feburary 4th, 2016 - Key West, FL | SOUL TRAIN CRUISE |
| Feburary 5th, 2016 - Cococay Cay, Bahamas | SOUL TRAIN CRUISE |
| Feburary 6th, 2016 - Fort Lauderdal, FL | SOUL TRAIN CRUISE |
| Feburary 12th, 2016 - Lincoln, RI | Twin River Casino |

**RAVI DABIESINGH**
**21st CENTURY ARTISTS, INC.**
853 Broadway, Suite 1214
New York, NY 10003

P: 212.254.5500
F: 212.254.4800
W: www.21stCA.com

CONFIDENTIALITY NOTICE: This email transmission. including any previous messages or attachments to it. contains information that may be proprietary. confidential and/or privileged. If you have received this transmission in error, please delete the original transmission without making copies. disclosing, distributing, saving or making use of it in any manner (all of which acts are strictly prohibited). and so notify the sender by reply email @21stca.com. 21st Century Artists accepts no liability for any errors or omissions arising as a result of transmission.

3

## O'Jays Percussions

**Percussion- Classic Series- No Giovanni**
**2- Latin Percussion - Conga w/ stand- Remo Fyberskyn3 heads**
**1- Latin Percussion - Tumbadora w/ stand- Remo Fyberskyn3 heads**
**1- Latin Percussion - 14" & 15" Timbales w/stand & cowbell mount**
**Remo Clear Black Dot heads**
**1- Latin Percussion - Bongos w/ stand**
**1- Latin Percussion - Table w/rack**
**1- Latin Percussion - Table**
**2- Latin Percussion - Wind Chimes (long double row)**
**1- Latin Percussion - Bell Tree**
**1- Latin Percussion - Cabassa**
**1- Latin Percussion - Jam Block - RED**
**1- Latin Percussion - Jam Block - BLUE**
**2- Latin Percussion - Cowbell**
**1- Latin Percussion - Vibra Slap II**
**2- Latin Percussion - Handheld Tambourine**
**2- Latin Percussion - Mountable Tambourine**
**3- Latin Percussion - Shaker**
**1- Latin Percussion - Triangle**
**1- Latin Percussion - Castanet**
**1- Latin Percussion - Double Conga Stand (for djembe)**
**5- Cymbal Boom Stands**
**1- Zildjian 12" Splash**
**1- Zildjian 16" Crash**
**1- Latin Percussion - Cowbell Kick Bracket - LP-388**
**1- Percussion Carpet**
**1- Everything rack**
**1-  pair 3/8" timbale sticks**
   **Make sure to provide all necc wrenches and keys for perc.**

# EXHIBIT 2

text_0

(1/2) Hi Pablo. ...I'll call you in the morning. The OJays don't want to take on a situation that includes disabilities especially when the schedule gets hectic


We'll start with the Aug.3-6 rehearsals and Aug.7th & 9th dates
Dennis ("Doc")
Cool I'll see you guys in August if you can please send me the equipment list appreciate it please say travels
Did you get the itinerar?
Dennis ("Doc")
Hey Dennis hope all is well yes I did receive your information it's all cool I'm looking forward to working with you guys take care will talk soon if you need me call me peace God bless

**LAW OFFICES OF TAMIKA WASHINGTON, P.C.**
BY: Tamika Washington, Esquire
Attorney I.D. No. 93553
100 S. Broad Street, Suite 1523
Philadelphia, PA 19110
Telephone: (215) 665-9250                    Attorney for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **PABLO BATISTA** | : CIVIL ACTION |
| **Plaintiff** | : |
| v. | : No. |
| **O'JAYS GIGS, INC.** | : |
| **F/S/O THE O'JAYS,** | : **JURY TRIAL DEMANDED** |
| | : |
| **DENNIS "DOC" WILLIAMS** | : |
| **Defendants** | : |

### CERTIFICATE OF SERVICE

I, Tamika N. Washington, Esquire hereby certify that I served a true and correct

copy of the foregoing Plaintiff's Complaint to the following party:

O'JAYS GIGS, INC.          DENNIS "DOC" WILLIAMS
526 Superior Ave. #430     (address to be determined)
Cleveland, OH 44144

(Defendants)

_____
Tamika N. Washington, Esquire
Attorney for Plaintiff

Dated: 2/12/2018