IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE | : | |
| LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| | : | |
| Defendants | : | |
| | : | |

**MOTION OF DEFENDANTS O'JAYS GIGS, INC., EDWARD LEVERT, AND WALTER WILLIAMS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants O'Jays Gigs, Inc., Edward Levert, and Walter Williams (referred to collectively herein as "Defendants"), through their undersigned attorneys, respectfully submit this motion to dismiss Plaintiff Pablo Batista's Amended Complaint (Doc. 5) for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  In support of this motion, Defendants rely upon the attached supporting memorandum of law and the declarations attached thereto, all of which are incorporated herein by reference.

WHEREFORE, Defendants respectfully request that the Court dismiss the Complaint against Defendants.

Respectfully submitted,

Christopher J. Moran, Esquire (PA 68142)
Lee E. Tankle, Esquire (PA 315783)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215.981.4000

*Attorneys for Defendants O'Jays Gigs, Inc.,*
*Edward Levert, and Walter Williams*

Dated: November 21, 2018

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE | : | |
| LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| | : | |
| Defendants | : | |
| | : | |

## ORDER

AND NOW on this _____ day of _____, 201__, upon

consideration of the Motion of Defendants O'Jays Gigs, Inc., Edward Levert, and Walter

Williams (referred to collectively herein as "Defendants") to Dismiss Plaintiff's Amended

Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of

Civil Procedure, and any response thereto, it is hereby **ORDERED** and **DECREED** that

Defendants' Motion to Dismiss is **GRANTED** and this matter is dismissed against Defendants

for lack of personal jurisdiction.

_____
The Honorable Nitza I. Quiñones Alejandro
United States District Judge

-1-

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| Defendants | : | |
| | : | |

**MEMORANDUM OF LAW IN SUPPORT OF THE MOTION OF DEFENDANTS O'JAYS GIGS, INC., EDWARD LEVERT, AND WALTER WILLIAMS TO DISMISS PLAINTIFF'S AMENDED COMPLAINT FOR LACK OF PERSONAL JURISDICTION PURSUANT TO RULE 12(B)(2) OF THE FEDERAL RULES OF CIVIL PROCEDURE**

Defendants O'Jays Gigs, Inc., Edward Levert, and Walter Williams (referred to collectively herein as "Defendants") respectfully move this Court to dismiss Plaintiff Pablo Batista's ("Plaintiff") Amended Complaint (Doc. 5) ("Amended Complaint") for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.  Defendants respectfully submit that this Court lacks personal jurisdiction over O'Jays Gigs, Inc. ("O'Jays Gigs"), Edward Levert ("Mr. Levert"), and Walter Williams ("Mr. Williams") because neither O'Jays Gigs nor Mr. Levert nor Mr. Williams have such continuous and systematic contacts with Pennsylvania as to render them essentially at home in Pennsylvania and subject to general personal jurisdiction in this forum.  Furthermore, Plaintiff's causes of action do not arise out of or relate to any of the Defendants' activities purposefully directed at Pennsylvania in a manner

-1-

sufficient to confer specific personal jurisdiction over any of the Defendants.  As such, all claims against Defendants should be dismissed for lack of personal jurisdiction.

## I.     PROCEDURAL HISTORY

On February 12, 2018, Plaintiff filed a five-count complaint (Doc. 1) against O'Jays Gigs and Dennis "Doc" Williams.[1]  Citing an inability to serve either defendant, Plaintiff filed a "Motion for Leave To Extend Time to Serve Defendants" on May 12, 2018.  (Doc. 3). Plaintiff's Motion was granted, extending the time for Plaintiff to serve the defendants until June 27, 2018 (Doc. 4).  Plaintiff subsequently filed an Amended Complaint (Doc. 5) on May 31, 2018.  In addition to naming O'Jays Gigs and Dennis "Doc" Williams in the Amended Complaint, Plaintiff also added Mr. Levert, Mr. Williams, and Eric Nolan Grant as named defendants.[2]  On June 27, 2018, Plaintiff filed a second "Motion for Leave to Extend Time to Serve Defendants" (Doc. 7).  This Court granted Plaintiff's second Motion, extending the time for Plaintiff to serve defendants until August 3, 2018 (Doc. 8).  On August 12, 2018, Plaintiff filed a "*Nunc Pro Tunc* Motion to Extend Time for Service" (Doc. 9).  This Court granted Plaintiff's third Motion to Extend Time on August 14, 2018, extending the time for Plaintiff to serve Defendants until September 26, 2018 (Doc. 10).

On September 24, 2018, Defendants filed a joint stipulation with this Court whereby (1) Defendants waived service of a summons; (2) Defendants did not waive any defense or objections to the lawsuit, the court's jurisdiction, or the venue of the action; and (3) the time by which Defendants must answer, move, or otherwise plead to the Amended Complaint was extended until November 21, 2018.  The Court approved the parties' joint stipulation (Doc. 11)

---

[1] The undersigned attorneys do not represent Dennis "Doc" Williams.

[2] The undersigned attorneys do not represent Eric Nolan Grant.  Furthermore, at this stage of the litigation, it is unclear whether Mr. Grant, Mr. Williams, and Mr. Levert were properly added as defendants to the Complaint.

and Defendants now timely file this Memorandum of Law in support of their Motion to Dismiss for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure.

## II. FACTUAL BACKGROUND

### A. The O'Jays

The O'Jays are an American rhythm and blues band founded in the early 1960s in Canton, Ohio.  Exhibit A, Declaration of Amos Z. Mahsua dated November 20, 2018 ("Mahsua Decl."), ¶6.  The O'Jays released a number of hit songs in the 1970s such as "Back Stabbers," "Love Train," and "For the Love of Money."  Id., ¶7.  The O'Jays were inducted into the Rock & Roll Hall of Fame in 2005 and continue to perform around the country on a limited basis.  Id., ¶8.  Since January 1, 2016, the O'Jays have performed 107 concerts around the world.  Id., ¶11.  Only seven (7) of those concerts took place in the Commonwealth of Pennsylvania, representing approximately 6.5% of all O'Jays concerts during that time period.  Id., ¶12.

O'Jays Gigs is a corporation organized under the laws of the state of Ohio with a principal place of business in Cleveland, Ohio.  Id., ¶13.  O'Jays Gigs exists to conduct business on behalf of the O'Jays such as entering contracts, promoting the O'Jays, producing/licensing O'Jays' intellectual property, and engaging in other lawful business activities.  Id., ¶14.  O'Jays Gigs does not own or lease any real property in Pennsylvania nor has it ever owned or leased any real property in Pennsylvania.  Id., ¶15.  O'Jays Gigs does not have any offices, places of business, or bank accounts in Pennsylvania.  Id., ¶16.  O'Jays Gigs is not incorporated, organized, or existing under the laws of Pennsylvania.  Id., ¶17.  O'Jays Gigs does not have an appointed agent for service of process in Pennsylvania.  Id., ¶18.  O'Jays Gigs does not have any employees working in Pennsylvania.  Id., ¶19.  The majority of business conducted on behalf of the O'Jays occurs in Cleveland, Ohio and Las Vegas, Nevada.  Id., ¶20.

### B.     Mr. Levert and Mr. Williams

Mr. Levert is one of the original and current members of the O'Jays.  Exhibit B, Declaration of Eddie Levert dated November 20, 2018 ("Levert Decl."), ¶2.  He is a resident and citizen of Las Vegas, Nevada.  Id., ¶3.  Mr. Levert has never lived in Pennsylvania.  Id., ¶4.  Mr. Levert does not own or lease any property in Pennsylvania nor has he ever owned or leased real property in Pennsylvania.  Id., ¶5.  Mr. Levert does not regularly travel to Pennsylvania.  Id., ¶6.  Since January 1, 2016, Mr. Levert has only been to Pennsylvania for the purpose of performing seven (7) concerts.  Id., ¶7.  Mr. Levert was not served in Pennsylvania nor has he consented to be sued in Pennsylvania.  Id., ¶¶8-9.

Mr. Williams is also one of the original and current members of the O'Jays.  Exhibit C, Declaration of Walter Williams dated November 21, 2018 ("Williams Decl."), ¶2.  Mr. Williams considers himself a resident and citizen of both Cleveland, Ohio (where he is registered to vote) and Las Vegas, Nevada because he owns property in both states and spends time in both states.  Id., ¶3.  Mr. Williams has never lived in Pennsylvania.  Id., ¶4.  Mr. Williams does not own or lease any property in Pennsylvania nor has he ever owned or leased real property in Pennsylvania.  Id., ¶5.  Mr. Williams does not regularly travel to Pennsylvania.  Id., ¶6.  Since January 1, 2016, Mr. Williams has only been to Pennsylvania for the purpose of performing seven (7) concerts.  Id., ¶7.  Mr. Williams was not served in Pennsylvania nor has he consented to be sued in Pennsylvania.  Id., ¶¶8-9.

### C.  Plaintiff's Complaint[3]

"Plaintiff is an internationally renowned, award-winning, professional percussionist and has worked as a touring musician for over thirty-two (32) years."  Am. Compl., ¶16.  Plaintiff alleges that he was "hired on or about July 15, 2015 by The O'Jays as a percussionist for an international tour from August 3, 2015 to on or about February 12, 2016." Id., ¶19.  In support of this contention Plaintiff alleges that he "received the touring schedule and itinerary from Defendant 'Doc' Williams" on July 15, 2015.  Id., ¶20, Ex. 1 (attaching an e-mail dated July 15, 2015).  "Plaintiff is legally blind."  Id., ¶21.  Plaintiff alleges that he received a text message from "Doc" Williams on August 1, 2015 stating "The Ojays don't want to take on a situation that includes disabilities especially when the schedule gets hectic [sic]."  Id., ¶23. Plaintiff contacted Doc Williams who purportedly "explained that two of the bandmembers of the O'Jays, Darren M. Daughtry and Freddie D. Holliday, did not want to 'babysit' Plaintiff throughout the tour."  Id., ¶¶24-25.  Plaintiff claims that the O'Jays and "Doc" Williams were aware of his disability.  Id., ¶27.

Plaintiff brings this action alleging violations of the Americans with Disabilities Act ("ADA") (Counts I and II), the Pennsylvania Human Relations Act (Count III), and the New York State Human Rights Law (Count IV) (collectively the "Statutory Claims").  The basis for Plaintiff's Statutory Claims is that Defendants allegedly refused to accommodate Plaintiff's disabilities and either refused to hire or terminated Plaintiff because of his disabilities.  Plaintiff also alleges breach of contract (Count V).

---

[3] In reviewing a motion to dismiss under Rule 12(b)(2), the Court "must accept all of the plaintiff's allegations as true and construe disputed facts in favor of the plaintiff."  Pinker v. Roche Holdings, Ltd., 292 F.3d 361, 368 (3d Cir. 2002).  For that reason, the recitation of the facts herein is based on the allegations made by Plaintiff in his Amended Complaint.  Defendants do not admit or concede the veracity or accuracy of any of the allegations contained in the Complaint, including, without limitation, allegations of material facts, conclusions of law, opinions, arguments, labels, conclusions and/or abstractions.  To the contrary, should this case proceed further, Defendants will contest many of Plaintiff's factual allegations.

III.   **DEFENDANTS ARE NOT SUBJECT TO PERSONAL JURISDICTION IN PENNSYLVANIA**

A.   **Standard of Review Governing Motion to Dismiss for Lack of Personal Jurisdiction**

"When a defendant files a motion to dismiss pursuant to Rule 12(b)(2), the burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and while the Court can accept plaintiff's allegation of jurisdiction as true for the purposes of a motion to dismiss, once a defendant has raised a jurisdictional defense, the plaintiff bears the burden to prove, by a preponderance of the evidence, facts sufficient to establish personal jurisdiction." Farber v. Tennant Truck Lines, Inc., 84 F. Supp. 3d 421, 426 (E.D. Pa. 2015) (quoting Gutierrez v. N. Am. Cerruti Corp., No. 13-3012, 2014 U.S. Dist. LEXIS 169890 (E.D. Pa. Dec. 9, 2014) (Quiñones Alejandro, J.) (internal quotations omitted)).  "A plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence . . . [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion."  Goodway Grp. v. Sklerov, No. 18-0900, 2018 U.S. Dist. LEXIS 137599, at *6-7 (E.D. Pa. Aug. 15, 2018) (Quiñones Alejandro, J.) (internal quotations omitted).

"A federal district court may assert personal jurisdiction over a nonresident of the state in which the court sits to the extent authorized by the law of that state."  Farber, 84 F. Supp. at 426 (citing Provident Nat'l Bank v. Cal. Fed. Sav. & Loan Ass'n, 819 F.2d 434, 436 (3d Cir. 1986)).  "Pennsylvania's long-arm statute authorizes Pennsylvania courts to exercise personal jurisdiction over nonresidents to the 'fullest extent allowed under the Constitution of the United States.'"  Farber, 84 F. Supp. at 426 (citing 42 Pa.C.S. § 5322(b)).  As "Pennsylvania's long-arm statute is coextensive with the dictates of the Constitution," the jurisdictional inquiry turns on whether personal jurisdiction would conform with the Due Process Clause of the Fourteenth Amendment.  Poole v. Sasson, 122 F. Supp. 2d 556, 558 (E.D. Pa. 2000).

"The Due Process Clause of the Fourteenth Amendment to the Constitution permits personal jurisdiction so long as the nonresident defendant has certain minimum contacts with the forum such that maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Farber, 84 F. Supp. at 426 (citing Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945)).  Thus, personal jurisdiction can only be asserted over non-resident defendants such as O'Jays Gigs, Mr. Levert, and Mr. Williams if two baseline requirements can be met.  First, the defendant must have certain minimum contacts with the forum so that "he should reasonably anticipate being haled into court there." Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474 (1985) (internal citation omitted).  Second, maintenance of the suit cannot offend "traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945).

There are two types of personal jurisdiction: general and specific.  O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312, 317 (3d Cir. 2007).  In recent years, the U.S. Supreme Court has discussed these concepts in two landmark personal jurisdiction cases:  Goodyear Dunlop Tires Operations, S.A. v. Brown, 564 U.S. 915 (2011) and Daimler AG v. Bauman, 571 U.S. 117 (2014).  In Goodyear, Justice Ginsburg wrote for a unanimous Court that a "court may assert general jurisdiction over foreign (sister-state or foreign-country) corporations to hear any and all claims against them when their affiliations with the State are so *continuous and systematic as to render them essentially at home in the forum State*." Goodyear, 564 U.S. at 919 (emphasis added).  "For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile; for a corporation, it is an equivalent place, one in which the corporation is fairly regarded as at home." Id. at 924.  "A corporation's continuous activity

of some sorts within a state, is not enough to support the demand that the corporation be amenable to suits unrelated to that activity." Id. at 927 (internal citations omitted).

In only the most exceptional of circumstances, will a corporation be deemed "at home" outside of the state where it is incorporated and maintains its principal place of business. Farber, 84 F. Supp. at 429 (citing Daimler, 571 U.S. at 139-39 and n.19). See also DeGregorio v. Marriott Int'l, Inc., No. 17-3867, 2017 U.S. Dist. LEXIS 204779, at *7-8 (E.D. Pa. Dec. 13, 2017) (Quiñones Alejandro, J.) (noting the same). Limiting general jurisdiction to a "home base" permits entities to "structure their primary conduct with some minimum assurance as to where that conduct will and will not render them liable to suit while "afford[ing] plaintiffs recourse to at least one clear and certain forum in which a corporate defendant may be sued on any and all claims." Daimler, 571 U.S. at 137, 139. As the Third Circuit has noted, it is "incredibly difficult to establish general jurisdiction [over a corporation] in a forum *other* than the place of incorporation or principal place of business." Chavez v. Dole Food Co., 836 F.3d 205, 223 (3d Cir. 2016) (emphasis in original).

"In order for a court to exercise specific jurisdiction over a claim, there must be an affiliation between the forum and the underlying controversy, principally, [an] activity or an occurrence that takes place in the forum State." Bristol-Myers Squibb Co. v. Superior Court, 137 S. Ct. 1773, 1781 (2017). Specific jurisdiction "allows the court to hear claims that arise from or relate to the party's contacts with the forum state, such that the defendant should reasonably anticipate being hailed into court in that forum." DeGregorio, 2017 U.S. Dist. LEXIS 204779 (citing Helicopteros Nacionales De Colombia v. Hall, 466 U.S. 408, 414 n.8 (1984)). "In determining whether there is specific jurisdiction over a nonresident defendant, courts undertake a three-part inquiry." Id. (citing O'Connor v. Sandy Lane Hotel Co., 496 F.3d 312,

317 (3d Cir. 2007)).  First, a defendant must have "purposely directed his activities" at the forum.  Id.  Second, the plaintiff's claims must "arise out of or relate to" at least one of those activities.  Id.  Finally, "assuming that the first two requirements are met, courts may consider additional factors to ensure that the assertion of jurisdiction otherwise comport[s] with fair play and substantial justice."  Id. (internal citations omitted).

As explained in more detail below, Plaintiff does not adduce *any* facts in his Amended Complaint that would support a finding of personal jurisdiction over O'Jays Gigs, Mr. Levert, or Mr. Williams in Pennsylvania—nor could he possibly do so.  Quite simply, a federal court sitting in Pennsylvania cannot exercise either general or specific personal jurisdiction over O'Jays Gigs, an entity incorporated in Ohio with its principal place of business in Ohio, or Mr. Levert (a Nevada resident), or Mr. Williams (a resident of Ohio and Nevada) based on the mere allegation that O'Jays Gigs hired Plaintiff, a Pennsylvania resident.

**B.      There is no general personal jurisdiction over the Defendants in Pennsylvania.**

The U.S. Supreme Court has made clear that a Court can only assert personal jurisdiction over an out-of-state corporation if its "affiliations with the State are so continuous and systematic as to render them essentially at home in the forum State."  Daimler AG v. Bauman, 571 U.S. 117, 127 (2014).  O'Jays Gigs is not incorporated in and does not maintain a principal place of business in Pennsylvania.  Mahsua Decl., ¶¶16-17.  It does not own or lease any property in Pennsylvania, it maintains no bank accounts in Pennsylvania, and it does not have any employees in Pennsylvania.  Mahsua Decl., ¶15-16, 19.  The business of O'Jays Gigs in Pennsylvania is limited to sporadic concerts throughout the Commonwealth—and generally no more than twice a year.  Mahsua Decl., ¶12.

In "the post-Daimler legal landscape, the fact that an out-of-state entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that the entity is 'at home' in Pennsylvania." DeGregorio v. Marriott Int'l, Inc., No. 17-3867, 2017 U.S. Dist. LEXIS 204779, at *11 (E.D. Pa. Dec. 13, 2017) (Quiñones Alejandro, J.) (holding that Plaintiff's allegations that defendant Marriott owned hundreds of hotels in Pennsylvania falls short of showing that Marriott was "essentially at home" in Pennsylvania in order to permit general jurisdiction—as is required by Supreme Court precedent). The Amended Complaint filed by Plaintiff, and the declarations submitted by Mr. Mahsua, unequivocally demonstrate that O'Jays Gigs lack the continuous, systematic and substantial contacts with Pennsylvania mandated for exercise of general jurisdiction consistent with the Due Process Clause of the U.S. Constitution. As O'Jays Gigs is not "essentially at home" in Pennsylvania, this Court cannot exercise general personal jurisdiction over O'Jays Gigs. See also Campbell v. Fast Retailing USA, Inc., No. 14-6752, 2015 U.S. Dist. LEXIS 170986, at *8 (E.D. Pa. Dec. 22, 2015) ("The allegation that an entity transacts business, even substantial business, in Pennsylvania is insufficient to establish that it is essentially 'at home' in Pennsylvania.").

Similarly, this Court cannot exercise general jurisdiction over Mr. Levert or Mr. Williams. "Under Goodyear and Daimler, the 'paradigm forum' in which an individual defendant is amenable to general jurisdiction is the individual's domicile." Farber v. Tennant Truck Lines, Inc., 84 F. Supp. 3d 421, 433 (E.D. Pa. 2015). Neither Mr. Levert nor Mr. Williams are domiciled in Pennsylvania. Mr. Levert is a resident of Nevada and Mr. Williams is a resident of Ohio and Nevada. Levert Decl., ¶3; Williams Decl., ¶3. Neither has ever lived in Pennsylvania. Levert Decl., ¶4; Williams Decl., ¶4. Neither was served in Pennsylvania nor has either consented to suit in Pennsylvania. Levert Decl., ¶¶8-9; Williams Decl., ¶¶8-9. Therefore,

there is no basis for general personal jurisdiction in Pennsylvania over Mr. Levert or Mr.

Williams.  See, e.g., Id. at 434 (holding that courts can exercise "general jurisdiction in

Pennsylvania only over a nonresident individual who (1) lives here, (2) was served here, or (3)

consented to suit here."); Mass. Sch. of Law v. Am. Bar Ass'n, 855 F. Supp. 108, 111 (E.D. Pa.

1994) (holding that individual who did not live in Pennsylvania, was not served in Pennsylvania,

and did not consent to be sued in Pennsylvania was not subject to the exercise of general

personal jurisdiction by a Pennsylvania court); see also Decker v. Dyson, 165 F. App'x 951, 952

(3d Cir. 2006) ("Under Pennsylvania law, general jurisdiction arises over an individual, non-

corporate defendant if the person's domicile or presence was in the state at the time of service of

process, or there was consent to suit.").  None of the Defendants are "at home" in Pennsylvania.

Accordingly there is no general jurisdiction over any of the Defendants.[4]

---

[4] Both before and after the Supreme Court set out a stricter test for the exercise of general jurisdiction over out-of-state defendants in Goodyear and Daimler, courts throughout the country concluded that sporadic concerts and appearances within a state were insufficient to confer general personal jurisdiction over out-of-state musicians and musical groups.  See Skidmore v. Led Zeppelin, 106 F. Supp. 3d 581 (E.D. Pa. 2015) (concluding that there is no general or specific personal jurisdiction over individual band members in copyright infringement lawsuit even where Plaintiff alleges that band members make millions of dollars through CD sales and radio play in Pennsylvania because band members do not live in Pennsylvania or have any other constitutionally-sufficient contacts to confer jurisdiction); Toma v. Motley Crue, Inc., No. 11 C 6766, 2012 U.S. Dist. LEXIS 145026 (N.D. Ill. Oct. 9, 2012) (no general jurisdiction in Illinois over Motley Crue, Inc.—a California corporation conducting the business of the band Motley Crue—despite band's concert performances and significant record sales within Illinois); Jones v. Blige, No. 04-60184, 2006 U.S. Dist. LEXIS 29721 (E.D. Mich. May 16, 2006) (concluding that Michigan lacked general jurisdiction over out-of-state recording artist Dr. Dre whose contacts with the forum state were limited to occasional concert performances in Michigan, visits to Michigan to produce numerous records, entering in to contracts with Michigan-based music artists, and litigating various unrelated actions in Michigan courts); Kinnard v. Kelly, No. 1:08-CV-1824-JOF, 2009 U.S. Dist. LEXIS 47702 (N.D. Ga. June 5, 2009) (holding that Georgia court could not exercise general personal jurisdiction over Illinois musician R. Kelly despite R. Kelly performing concerts in Georgia and selling albums in Georgia); Nike, Inc. v. Boy Toy, Inc., Civil No. 90-209-FR, 1990 U.S. Dist. LEXIS 8192 (D. Or. July 2, 1990) ("Since Boy Toy and Madonna do not conduct continuous and systematic business in the State of Oregon, except for the distribution of records and tapes and the performance of an occasional concert, this court is not prepared to hold that Boy Toy [a corporation designed to "promote the professional services of Madonna"] and Madonna have continuous and systematic or substantial contacts with the State of Oregon" to permit the exercise of general jurisdiction); Di Cesare-Engler Prods., Inc. v. Mainman, Ltd., 81 F.R.D. 703 (W.D. Pa. 1979) (holding that defendant's assertion that David Bowie "has performed on many instances concerts in Pennsylvania and as such, conducts business in the Commonwealth of Pennsylvania" is insufficient "to confer long-arm jurisdiction for the unrelated cause of action in this case.").

**C.      There is no Specific Jurisdiction over the Defendants in Pennsylvania.**

"To reiterate, the Third Circuit employs a three-part analysis to determine specific jurisdiction consisting of whether: (1) the defendant purposefully directed its activities at Pennsylvania; (2) the litigation 'arises out of or relates to' at least one of the defendant's activities in Pennsylvania; and (3) the exercise of jurisdiction comports with traditional notions of fair play and substantial justice." Gutierrez v. N. Am. Cerruti Corp., No. 13-3012, 2014 U.S. Dist. LEXIS 169890, at *17-18 (E.D. Pa. Dec. 9, 2014) (Quiñones Alejandro, J.) (internal citations and quotations omitted).  In other words, the inquiry is whether a defendant "purposefully availed itself of the privilege of conducting activities within Pennsylvania by deliberately targeting the forum by its conduct and connections so as to reasonably anticipate being haled into court." Id. at *18.  This inquiry "focuses on the relationship among the defendant, the forum, and the litigation." Walden v. Fiore, 571 U.S. 277, 284 (2014) (citing Keeton v. Hustler Magazine, Inc., 465 U. S. 770, 775 (1984)).

The "relationship must arise out of contacts that the defendant himself creates with the forum State.  Due process limits on the State's adjudicative authority principally protect the liberty of the nonresident defendant — not the convenience of plaintiffs or third parties." Id. (citations omitted) (noting that the Supreme Court has "consistently rejected attempts to satisfy the defendant-focused 'minimum contacts' inquiry by demonstrating contacts between the plaintiff" and the forum).  See also Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478 (1985) ("If the question is whether an individual's contract with an out-of-state party alone can automatically establish sufficient minimum contacts in the other party's home forum, we believe the answer clearly is that it cannot.").  "Due process requires that a defendant be haled into court in a forum State based on his own affiliation with the State, not based on the random, fortuitous,

or attenuated contacts he makes by interacting with other persons affiliated with the State."
Walden, 571 U.S. at 286 (citations omitted).

"Regardless of where a plaintiff lives or works, an injury is jurisdictionally relevant only insofar as it shows that the defendant has formed a contact with the forum State." Id.at 290.  To meet "the first prong of the [Third Circuit specific jurisdiction] test, a plaintiff must show that the defendants reach[ed] out beyond one state and create[d] continuing relationships and obligations with citizens of another state."  Goodway Grp. v. Sklerov, No. 18-0900, 2018 U.S. Dist. LEXIS 137599, at *9 (E.D. Pa. Aug. 15, 2018) (Quiñones Alejandro, J.) (internal quotations omitted).  In this case, Plaintiff has not and cannot do so.  Defendants' contacts with Pennsylvania are too slight to establish the minimum contacts required under the framework established by the U.S. Supreme Court.

Applying Third Circuit and Supreme Court standards, there is no specific jurisdiction over Defendants for Plaintiff's Statutory Claims in Pennsylvania.[5]  Plaintiff's Statutory Claims generally allege that Defendants failed to accommodate his disability and either failed to hire or terminated Plaintiff due to his disability.  Based on the allegations in the Complaint, the only apparent connection to Pennsylvania is that Plaintiff lives in Pennsylvania. Am. Compl., ¶8.  The only contacts Defendants have with Pennsylvania are related to the infrequent concerts the Defendants perform within the Commonwealth—concerts wholly unrelated to Plaintiff's claims of employment discrimination.  Courts have repeatedly held that a "plaintiff's contacts with the forum State cannot be decisive in determining whether the

---

[5] "[T]he Court may evaluate jurisdiction by individual defendant and claim, or may group the analysis of certain factually overlapping claims when appropriate."  Goodway Grp. v. Sklerov, No. 18-0900, 2018 U.S. Dist. LEXIS 137599, at *11 n.6 (E.D. Pa. Aug. 15, 2018) (internal citations omitted).  As Plaintiff's four Statutory Claims all revolve around the same set of common facts (alleged disability discrimination) and do not implicate the specific actions of the three Defendants, it is permissible for this court to group the analysis of the four Statutory Claims together.

-13-

defendant's due process rights are violated." Walden, 571 U.S. at 279 (citations omitted).

Plaintiff's claimed harms do not evince a connection between Defendants and Pennsylvania.

There is no allegation that Defendants discriminated against Plaintiff *in* Pennsylvania or

purposely directed its alleged misconduct at Pennsylvania.  If Plaintiff was discriminated against

by Defendants, he would have experienced the same discrimination "in California, Mississippi,

or wherever else" Plaintiff may have been present when allegedly corresponding with

Defendants.  Id. at 290.[6]  The effect of Defendants' conduct on Plaintiff is "not connected to the

forum State in a way that makes those effects a proper basis for jurisdiction."  Id.  Plaintiff has

not put forth facts suggesting anything to the contrary.

       "A plaintiff's coincidental presence in the forum state during phone or digital

communications regarding an employment contract does not equate to defendant's reaching into

the forum, even when the defendant is aware of plaintiff's location in the forum.  A defendant

'cannot be found to have purposefully directed his activities at this jurisdiction by placing a

cellular telephone call or sending an email when [defendant] had no control over whether

[plaintiff] received it in Cleveland, Ohio, Pittsburgh, Pennsylvania, Knoxville, Tennessee, or

somewhere else.'"  Sklerov, 2018 U.S. Dist. LEXIS 137599, at *12-13 (quoting Randall v.

Davin, 2013 U.S. Dist. LEXIS 168223 (W.D. Pa. Nov. 26, 2013)).  See also Kearney v. Good

Start Genetics, Inc., No. 17-2363, 2017 U.S. Dist. LEXIS 202250 (E.D. Pa. Dec. 8, 2017)

(Quiñones Alejandro, J.) (holding Massachusetts corporation is not subject to specific

jurisdiction in Pennsylvania even though plaintiff—who was asserting age discrimination and

wage payment claims against his former employer—worked for the defendant from his home in

---

[6] Defendants would be remiss if they did not note that Plaintiff's Complaint fails to make *any* allegation
that Mr. Levert or Mr. Williams ever communicated with Plaintiff in any fashion.  Plaintiff alleges that defendant
"Doc" Williams (who is not a party to this Motion) e-mailed and texted Plaintiff.  See Am. Compl., ¶¶20, 23-24.

Pennsylvania); <u>Grainer v. Smallboard, Inc.</u>, 2017 U.S. Dist. LEXIS 25934 (E.D. Pa. Feb. 24, 2017) (holding that an out-of-state defendant's solicitation of a forum plaintiff to enter into an employment contract was insufficient to trigger specific jurisdiction over plaintiff's employment claims).[7]

For many of the same reasons highlighted above, there is no specific jurisdiction over Defendants for Plaintiff's Breach of Contract claim in Pennsylvania. Again, the only apparent connection to Pennsylvania appears to be Plaintiff's contention that he lives in Montgomery County, Pennsylvania. Am. Compl., ¶8. There is no allegation in the Amended Complaint that Plaintiff spoke with, e-mailed with, or texted with any of the Defendants while he was in Pennsylvania—and even if he did, such contacts would be insufficient to establish specific jurisdiction over any of the defendants. "While a contract with a resident of the forum state is relevant to the jurisdictional analysis, '[t]he mere existence of a contract is insufficient to establish minimum contacts." <u>Sklerov</u>, 2018 U.S. Dist. Lexis 137599 at *10 (citing <u>Budget Blinds, Inc. v. White</u>, 536 F.3d 244, 261 (3d Cir. 2008)). Informational communications furthering a contract also "do not establish the purposeful activity necessary for a valid assertion of personal jurisdiction." <u>Id.</u> <u>See also</u> <u>Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.</u>, 75 F.3d 147, 152-53 (3d Cir. 1996) (holding that occasional communications into a forum, without more, are insufficient to confer jurisdiction). "Courts should be careful to avoid mistaking a plaintiff's, or other individual's, contacts with the out-of-state defendant for evidence of the defendant's 'reaching out' into the forum." <u>Id.</u>

---

[7] Even if Plaintiff established that Defendants had a constitutionally significant relationship with Pennsylvania, Plaintiff still would not be able to satisfy the second prong of the Third Circuit test which requires that the cause of action "arises out of or relates to" a defendant's contacts in the forum state. Plaintiff has not alleged, nor could he, that the supposed decision to not accommodate and not hire and/or terminate Plaintiff was made in Pennsylvania.

In <u>Sklerov</u>, this Court granted the defendant employees' Motion to Dismiss for lack of personal jurisdiction where the employees lived out of state and had little to no communications with the employer in Pennsylvania—despite the employees' contracts with a Pennsylvania corporation and one of the employees interviewing in Pennsylvania. <u>See also</u> <u>SMB Consulting & Investing LLC v. Apple Valley Waste Serv., Inc.</u>, 2011 U.S. Dist. LEXIS 79280 (E.D. Pa. July 21, 2011) (holding that defendant's mail and telephone communications with plaintiff in Pennsylvania were insufficient to find personal jurisdiction, even when the basis of Plaintiff's claim was over defendant's consulting contract with a Pennsylvania entity).

Even in cases where a clear contract exists between a plaintiff and an out-of-state defendant—which is not the case here—courts are loathe to find specific personal jurisdiction over those out-of-state defendants because "[i]nfrequent or minimal communications do not provide an adequate basis for jurisdiction." <u>Id.</u> at *11.[8] "In contract cases, courts should inquire whether the defendant's contacts with the forum were instrumental in either the formation of the contract or its breach." <u>GE v. Deutz AG</u>, 270 F.3d 144, 150 (3d Cir. 2001). The answer to that question in this case is plainly no. Plaintiff claims he was hired by O'Jays Gigs to work on an "international tour." Am. Compl., ¶19. Plaintiff does not allege that he was specifically sought out *because* he was in Pennsylvania and any digital communication by "Doc" Williams that passed into Pennsylvania was mere happenstance based purely on the location of the Plaintiff at the time of sending. There is no allegation that any of the Defendants were trying to benefit from the "privilege of conducting business within" Pennsylvania. <u>Grainer</u>, 2017 U.S. Dist. LEXIS 25934 at *5) (citing <u>Mellon Bank PSFS, Nat'l Ass'n v. Farino</u>, 960 F.2d 1217, 1221 (3d Cir. 1992)). Sending a text message or an e-mail to Plaintiff while Plaintiff may have been in

---

[8] Based upon the allegations in Plaintiff's Complaint, it is dubious that Plaintiff has alleged facts sufficient to maintain a breach of contract claim under Pennsylvania law.

Pennsylvania is plainly insufficient to establish that Defendants deliberately aimed their conduct at Pennsylvania in order for a court sitting in the Commonwealth to confer specific jurisdiction over Defendants for any of Plaintiff's five causes of action.[9]

## IV.   CONCLUSION

For all of the foregoing reasons, Defendants O'Jays Gigs, Inc., Edward Levert, and Walter Williams respectfully request that the Court grant its Motion to Dismiss Plaintiff's Complaint for lack of personal jurisdiction pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure and dismiss Plaintiff's Complaint with respect to O'Jays Gigs, Mr. Levert, and Mr. Williams.

Respectfully submitted,

Christopher J. Moran, Esquire (PA 68142)
Lee E. Tankle, Esquire (PA 315783)
PEPPER HAMILTON LLP
3000 Two Logan Square
Eighteenth & Arch Streets
Philadelphia, PA  19103-2799
215.981.4000

*Attorneys for Defendants O'Jays Gigs, Inc.,*
Dated: November 21, 2018           *Edward Levert, and Walter Williams*

---

[9] Like with general jurisdiction, numerous courts around the country have concluded that forums lack specific jurisdiction over musicians when the cause of action is wholly unrelated to the musician's activities in the forum.  See Gray v. Hudson, No. 14CV1183 HEA, 2015 U.S. Dist. LEXIS 95969 (E.D. Mo. July 23, 2015) (holding that there is no specific jurisdiction over California singer Katy Perry in Missouri for a copyright infringement claim even though Perry performed the allegedly infringing song in-state at multiple concerts, the song was sold in-state, and played on the radio in-state because there was "no evidence that Perry purposefully directed any of her actions toward the citizens of Missouri such that she would be expected to be haled into a court located within the State."); Madara v. Hall, 916 F.2d 1510 (11th Cir. 1990) (holding that Florida could not exercise specific jurisdiction over out-of-state musician Daryl Hall in a libel case despite the distribution of his music in Florida and Hall having performed in Florida no less than 8 times over a 4 year period—even though Hall's supposedly libelous comments were related to the music industry).

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE | : | |
| LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| | : | |
| Defendants | : | |
| | : | |

**DECLARATION OF AMOS Z. MAHSUA
IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS**

I, AMOS Z. MAHSUA, hereby state and declare that:

1. I am over eighteen years of age, of sound mind and capable of making this Declaration, and am personally acquainted with the facts set forth below.

2. I am the President of Amos Z. Mahsua Company, Inc. (the "Company") and have served in that position since 1986.

3. I am a resident of the state of Ohio.

4. My office is located in Cleveland, Ohio.

5. In my capacity with the Company, I serve as the accountant and business manager for a band called The O'Jays.

6. The O'Jays are an American rhythm and blues band founded in the early 1960s in Canton, Ohio.

7. The O'Jays released a number of hit songs in the 1970s such as "Back Stabbers," "Love Train," and "For the Love of Money."

8. The O'Jays were inducted into the Rock & Roll Hall of Fame in 2005 and continue to perform around the country on a limited basis.

9. I have served as the accountant and business manager for the O'Jays since approximately 1989 or 1990.

10. As the accountant and business manager for the O'Jays, I advise The O'Jays on various business, tax, and financial issues and I am intimately familiar with the business activities of The O'Jays.

11. Since January 1, 2016, the O'Jays have performed 107 concerts around the world.

12. Seven (7) of those concerts took place in the Commonwealth of Pennsylvania, representing approximately 6.5% of all O'Jays concerts since January 1, 2016.

13. O'Jays Gigs, Inc. ("O'Jays Gigs") is a corporation organized under the laws of the state of Ohio with a principal place of business in Cleveland, Ohio.

14. O'Jays Gigs exists to conduct business on behalf of The O'Jays such as entering contracts, promoting The O'Jays, producing/licensing The O'Jays' intellectual property, and engaging in other lawful business activities.

15. O'Jays Gigs does not own or lease any real property in Pennsylvania nor has it ever owned or leased any real property in Pennsylvania.

16. O'Jays Gigs does not have any offices, places of business, or bank accounts in Pennsylvania.

17. O'Jays Gigs is not incorporated, organized, or existing under the laws of Pennsylvania.

18. O'Jays Gigs does not have an appointed agent for service of process in Pennsylvania.

19. O'Jays Gigs does not have any employees working in Pennsylvania.

20. The majority of business conducted on behalf of the O'Jays occurs in Cleveland, Ohio and Las Vegas, Nevada.

21. The business of O'Jays Gigs in Pennsylvania is limited to sporadic concerts throughout the Commonwealth.


I am competent to testify as to the matters stated in this Declaration. I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is based on my personal knowledge and that it is true and correct.


Executed on November 22, 2018.

Amos Z. Mahsua

# EXHIBIT B

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE | : | |
| LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| | : | |
| Defendants | : | |
| | : | |

## DECLARATION OF EDDIE LEVERT
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, EDDIE LEVERT, hereby state and declare that:

1. I am over eighteen years of age, of sound mind and capable of making this Declaration, and am personally acquainted with the facts set forth below.

2. I am one of the original and current members of The O'Jays.

3. I am a resident and citizen of Las Vegas, Nevada.

4. I have never lived in Pennsylvania.

5. I do not own or lease any property in Pennsylvania nor have I ever owned or leased real property in Pennsylvania.

6. I do not regularly travel to Pennsylvania.

7. Since January 1, 2016, I have only been to Pennsylvania for the purpose of performing seven (7) concerts.

8. I was not served process in the above-referenced lawsuit in Pennsylvania.

9.  I do not consent to be sued in Pennsylvania.


     I am competent to testify as to the matters stated in this Declaration.  I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is based on my personal knowledge and that it is true and correct.


Executed on November **20**, 2018.

Eddie Levert

# EXHIBIT C

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| PABLO BATISTA | : | |
| | : | CIVIL ACTION |
| Plaintiff, | : | |
| | : | |
| v. | : | NO. 18-0636 |
| | : | |
| O'JAYS GIGS, INC. F/S/O THE O'JAYS, | : | |
| EDWARD WILLIS LEVERT, SR. AKA EDDIE | : | |
| LEVERT, SR., | : | |
| WALTER WILLIAMS, SR., | : | |
| ERIC NOLAN GRANT, | : | |
| DENNIS "DOC" WILLIAMS | : | |
| | : | |
| Defendants | : | |
| | : | |

## DECLARATION OF WALTER WILLIAMS
## IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, WALTER WILLIAMS, hereby state and declare that:

1. I am over eighteen years of age, of sound mind and capable of making this Declaration, and am personally acquainted with the facts set forth below.

2. I am one of the original and current members of The O'Jays.

3. I consider myself a resident and citizen of both Cleveland, Ohio (where I am registered to vote) and Las Vegas, Nevada because I own property in both states and spend time in both states.

4. I have never lived in Pennsylvania.

5. I do not own or lease any property in Pennsylvania nor have I ever owned or leased real property in Pennsylvania.

6. I do not regularly travel to Pennsylvania.

7. Since January 1, 2016, I have only been to Pennsylvania for the purpose of performing seven (7) concerts.

8. I was not served process in the above-referenced lawsuit in Pennsylvania.

9. I do not consent to be sued in Pennsylvania.


    I am competent to testify as to the matters stated in this Declaration. I declare under penalty of perjury, pursuant to 28 U.S.C. §1746, that the foregoing is based on my personal knowledge and that it is true and correct.


Executed on November 21, 2018.

Walter Williams

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

PABLO BATISTA                                          :
                                                       :                 CIVIL ACTION
                                  Plaintiff,           :
                                                       :
                    v.                                 :                 NO. 18-0636
                                                       :
O'JAYS GIGS, INC. F/S/O THE O'JAYS,                    :
EDWARD WILLIS LEVERT, SR. AKA EDDIE                    :
LEVERT, SR.,                                           :
WALTER WILLIAMS, SR.,                                  :
ERIC NOLAN GRANT,                                      :
DENNIS "DOC" WILLIAMS                                  :
                                                       :
                                  Defendants           :
                                                       :

## <u>CERTIFICATE OF SERVICE</u>

I, Lee E. Tankle, hereby certify that on November 21, 2018, a true and correct

copy of the foregoing Motion to Dismiss (and all attachments thereto) was served via the Court's

Electronic Case Filing (ECF) system upon the following:

Tamika Washington, Esquire
LAW OFFICES OF TAMIKA WASHINGTON, P.C.
100 S. Broad Street, Suite 1523
Philadelphia, PA 19110
215.665.9250

*Attorney for Plaintiff*

_____
Lee E. Tankle, Esquire