IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **PABLO BATISTA** | : | **CIVIL ACTION** |
| *Plaintiff* | : | |
| | : | **NO. 18-0636** |
| **v.** | : | |
| | : | |
| **O'JAYS GIGS, INC.,** *et al.* | : | |
| *Defendants* | : | |

# ORDER

**AND NOW,** this 29th day of March 2019, upon consideration of Defendant Dennis "Doc" Williams' ("Defendant") *motion to open default*, [ECF 25], to which no response was filed, and for good cause shown, it is hereby **ORDERED** that the motion is **GRANTED**.[1] Accordingly, the entry of default by the Clerk of February 24, 2019, is **VACATED**.

---

[1] On May 31, 2018, Plaintiff Pablo Batista filed an amended complaint against Defendant Doc Williams and four other defendants, including O'Jays Gigs, Inc., a corporate entity handling business affairs for the O'Jays, a singing group, and three individual members of the O'Jays (the "Individual Defendants"). [ECF 5]. In the amended complaint, Plaintiff alleged that the O'Jays declined to hire Plaintiff as a musician because of a disability (blindness), in violation of the Americans with Disabilities Act and state human rights and contract laws. *Id.* On June 14, 2018, after having been granted multiple extensions of time to serve Defendant, Plaintiff filed an affidavit of service from New York City Deputy Sheriff Paige Robinson, in which Robinson attested that the summons was served on Defendant by delivery to Pat Holley, a "friend" of Defendant. The affidavit indicated that Ms. Holley was served at Defendant's home, and identified the address as 253 W. 72nd St., Apt. 1504, New York City. [ECF 6]. Defendant, who is the sole remaining defendant in this matter, never responded to the amended complaint.

On February 24, 2019, Plaintiff filed a request for default against Defendant, and a default was entered by the Clerk of Court. [ECF 23]. On March 4, 2019, counsel entered an appearance on behalf of Defendant and filed the instant *motion to open default*. [ECF 25]. In the motion, Defendant argues that the default should be "opened" because (1) Defendant was never properly served with the summons and complaint, (2) Defendant did not engage in any of the sort of bad faith conduct that the United States Court of Appeals for the Third Circuit (the "Third Circuit") has identified as warranting the imposition of default, (3) Defendant has several legitimate defenses to the allegations in Plaintiff's amended complaint, and (4) Plaintiff would suffer no prejudice as a result of the default being opened. As noted, Plaintiff has not responded to Defendant's motion.

Federal Rule of Civil Procedure 55(c) provides that "[t]he court may set aside an entry of default for good cause." Fed. R. Civ. P. 55(c). Courts are to consider the following factors when ruling on a motion to vacate the entry of default; *to wit*: whether the plaintiff will be prejudiced; whether the defendant has a meritorious defense; and whether culpable conduct of the defendant led to the default. *Feliciano v. Reliant*

Additionally, Plaintiff shall serve Defendant with a valid summons and copy of the complaint pursuant to Federal Rule of Civil Procedure ("Rule") 4, and provide this Court with proof of such service pursuant to Rule 4(l), by April 18, 2019. Failure to comply with this Order may result in dismissal of Plaintiff's claims against Defendant, for failure to prosecute.

**BY THE COURT:**

/s/ *Nitza I. Quiñones Alejandro*
**NITZA I. QUIÑONES ALEJANDRO**
*Judge, United States District Court*

---

*Tooling Co.*, 691 F.2d 653, 656 (3d Cir. 1982). The culpability factor focuses on whether the defendant acted willfully or in bad faith. *Id.* In addition, the Third Circuit has stressed a "preference that cases be disposed of on the merits whenever practicable," *Hritz v. Woma Corp.*, 732 F.2d 1178, 1181 (3d Cir. 1984), and that the entry of default judgment is "an extreme sanction," *Scarborough v. Eubanks*, 747 F.2d 871, 875 (3d Cir. 1984), and "generally disfavored." *Gross v. Stereo Component Sys., Inc.*, 700 F.2d 120, 122 (3d Cir. 1983). Accordingly, "in a close case doubts should be resolved in favor of setting aside the default and reaching a decision on the merits." *Gross*, 700 F.2d at 122.

Here, at this early stage in the proceedings, this Court has considered the factors set forth in *Feliciano*. Specifically, as to the factor of prejudice, this Court finds that Plaintiff will suffer none. Indeed, Plaintiff has not even asserted that he will be prejudiced by vacating the entries of default. As to the second factor, Defendants have provided a defense which, if accepted as true (but without adjudicating the argument) appears to have merit. Finally, Defendant's conduct was not sufficiently culpable to ultimately warrant a default judgment. At most, in the context of the procedural posture, Defendant believed that he was not a party to this lawsuit until learning of the entry of default against him, since he was not personally served. Further, the Third Circuit has held that even inexcusable neglect falls short of the "flagrant bad faith" that may justify the entry of default. *Emcasco Ins. Co. v. Sambrick*, 834 F.2d 71, 75 (3d Cir. 1987). In light of this analysis, as well as Plaintiff's failure to challenge the assertions in Defendant's motion, this Court finds that Defendant has established good cause to vacate the defaults. *Feliciano*, 691 F.2d at 656. As such, the motion is granted.